IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEONARDO LUCERO,

    Petitioner,

v.                                                                       Civ. No. 19-118 KG-SCY

CORE CIVIC C.C.A., *et al,*

    Respondents.

## OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff Leonardo Lucero's Prisoner Civil Rights Complaint. Doc. 1. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. The Complaint alleges prison officials failed to protect Plaintiff from attack and were deliberately indifferent to his medical needs. The guards allegedly knew Plaintiff was a target based on an earlier shakedown involving his bunkmate, which led to the discovery of a syringe. Doc. 1 at 1, 3. Nevertheless, the guards purportedly allowed Level III inmates (presumably a more dangerous group) to enter Plaintiff's pod. *Id.* at 1. On October 21, 2018, six unknown inmates attacked Plaintiff, causing a broken jaw and other lacerations/head injuries. *Id.* at 1-3. Guards allegedly allowed the attack to go on for 10-15 minutes and then failed to treat his broken jaw for five days. *Id.* at 2. The Complaint seeks damages under 42 U.S.C. § 1983 and the Eighth Amendment from four Defendants: Core Civic; Northwestern New Mexico Correctional Center ("NNMCC"); Centurion Healthcare ("Centurion"); and Warden Betty Judd.

It appears Plaintiff raised these claims in a nearly identical federal action before the Hon. Kea Riggs, case No. 19-cv-363 KWR-LF. The Amended Complaint in that case named CoreCivic, Centurian, Warden Judd, and John and Jane Doe Defendants. Doc. 11 in 19-cv-363 KWR-LF. The Amended Complaint also raised § 1983 claims based on the October 21, 2018

attack. *Id.* at 2. The Court summarized the allegations in that action as follows:

> Plaintiff alleges Correctional Officer Lucero discovered a syringe in a bunkmates' bed and blamed Plaintiff. This purportedly caused tension in the cellblock, and he was beaten by six other inmates for approximately six to 15 minutes. Doc. 11, ¶ 11. He suffered a broken jaw, and welts and contusions to his head, neck, and back. *Id.* Plaintiff appears to allege that the attack is traceable to misconduct by Defendants. He contends prison officials inappropriately mixed Level II and Level III inmates and failed to have sufficient employees to respond to the fight. Plaintiff further alleges that Defendants were deliberately indifferent to his medical needs by failing to timely treat his injuries and respond to his request for medical treatment.

Doc. 26 in 19-cv-363 KWR-LF. Plaintiff obtained counsel after filing the Amended Complaint in 19-cv-363 KWR-LF, and counsel responded to a motion to dismiss. By a ruling entered January 8, 2020, the Court dismissed the constitutional claims against Core Civic, Centurion, and Warden Judd with prejudice for failure to state a cognizable claim. Doc. 26 in 19-cv-363 KWR-LF (Dismissal Ruling). Plaintiff did not appeal, and that Judgment is final. The Court will therefore examine whether this action is barred by res judicata and/or collateral estoppel. *See Banks v. Opat*, 2020 WL 2394008, at *5 (10th Cir. May 12, 2020) ("a court may *sua sponte* raise a preclusion bar where . . . the court is on notice that the issue has been previously decided") (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)).

Under res judicata, or "claim preclusion," "a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006). Res judicata requires the satisfaction of three elements: "(1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Johnson v. Spencer*, 950 F.3d 680, 708 (10th Cir. 2020) (quotations omitted). The doctrine of collateral estoppel, or "issue preclusion," is based on similar principles. Collateral estoppel has three elements: "(1) the

issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication." *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Even if the elements of res judicata or collateral estoppel are satisfied, an exception applies where "the party resisting [preclusion principles] did not have a 'full and fair opportunity to litigate' the claim in the prior action." *Johnson*, 950 F.3d at 708 (addressing res judicata); *see also Park Lake Res.,* 378 F.3d at 1136 (listing the "full and fair opportunity to litigate" element as a fourth prong to the collateral estoppel test).

Preclusion principles can apply where, as here, the later-filed case is decided first. Although federal courts typically refer to an "earlier action" as having preclusive effect over a later action, "irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as [claim preclusion]." *Chicago, R. I. & P. Ry. Co. v. Schendel*, 270 U.S. 611, 615-16 (1926); 18 Charles Alan Wright et al., Federal Practice and Procedure § 4404 (3d ed. 2020) (recognizing "the general rule that as between actions pending at the same time, [preclusion] attaches to the first judgment regardless of the sequence in which the actions were commenced").

Based on the federal record, it appears res judicata and collateral estopped both bar Plaintiff's pending § 1983 action (Doc. 1). As to res judicata, the prior federal action raises the same cause of action (Eighth Amendment Deliberate Indifference under 42 U.S.C. § 1983) as the instant Complaint. The prior Dismissal Ruling "for failure to plead a viable cause of action is a decision on the merits." *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th

3

Cir. 2014). Further, Plaintiff was the sole movant in both suits, and the Dismissal Ruling specifically dismissed the constitutional claims against three of the four Defendants in this action (Core Civic, Centurion, and Warden Judd). To the extent this action adds a fourth Defendant – NNMCC – this will not save an otherwise barred claim. It is well settled that detention facilities are not persons subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Aston v. Cunningham*, 216 F.3d 1086, *5 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued" in a § 1983 action) (unpublished).

It also appears the elements of collateral estoppel are met. As noted above, the Dismissal Order represents a final, merits decision. The two cases present identical issues, *i.e.,* whether Defendants failed to protect Plaintiff from attack on October 21, 2018, and whether they provided adequate medical care following the attack. And, the "party against whom the doctrine is invoked" (Plaintiff) is prosecuting both cases.

For these reasons, the Court will require Plaintiff to show cause within thirty (30) days of entry of this Order why this § 1983 action (19-cv-118 KG-SCY) should not be dismissed based on preclusion principles. If Plaintiff concedes the point, he may simply decline to respond to this Order. The failure to timely respond and show cause why the action is not precluded may result in dismissal with prejudice and without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall file a response showing cause, if any, why this § 1983 action should not be dismissed based on preclusion principles.

_____
UNITED STATES MAGISTRATE JUDGE