FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
JUL 31 2020
MITCHELL R. ELFERS
CLERK OF COURT
10:55 am

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEONARDO LUCERO,

    Petitioner,

v.                                                Civ. No. 19-118 KG-SCY

CORE CIVIC C.C.A., *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Leonardo Lucero's Prisoner Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He raises claims under the Eighth Amendment and 42 U.S.C. § 1983. Because his claims were adjudicated in another federal lawsuit, the Court will dismiss the Complaint based on preclusion principles.

I.    Background

The Complaint alleges prison officials failed to protect Plaintiff from attack and were deliberately indifferent to his medical needs. (Doc. 1) at 1. The guards allegedly knew Plaintiff was a target based on an earlier shakedown involving his bunkmate. *Id.* at 1, 3. The shakedown led to the discovery of a syringe, which caused tension. *Id.* Nevertheless, the guards allowed Level III inmates (presumably a more dangerous group) to enter Plaintiff's pod. *Id.* at 1. On October 21, 2018, six unknown inmates attacked Plaintiff, causing a broken jaw and other lacerations/head injuries. *Id.* at 1-3. Guards allegedly allowed the attack to go on for 10-15 minutes. *Id.* at 2. Guards also purportedly failed to treat Plaintiff's broken jaw for five days. *Id.* at 2. The Complaint seeks damages under 42 U.S.C. § 1983. Plaintiff names four Defendants: Core Civic; Northwestern New Mexico Correctional Center (NNMCC); Centurion

Healthcare (Centurion); and Warden Betty Judd.

By an Order entered June 24, 2020 (OSC), the Court determined the Complaint may be barred based on preclusion principles. (Doc. 8) at 4. As the OSC explained, Plaintiff raised his deliberate-indifference claims in a nearly identical federal action before the Honorable Kea Riggs, Civ No. 19-363 KWR-LF. The Amended Complaint in that case named CoreCivic, Centurian, Warden Judd, and John and Jane Doe Defendants. (Doc. 11) in Civ No. 19-363. The Amended Complaint also raised § 1983 claims based on the October 21, 2018 attack. *Id.* at 2. Judge Riggs summarized the allegations in that action as follows:

> Plaintiff alleges Correctional Officer Lucero discovered a syringe in a bunkmates' bed and blamed Plaintiff. This purportedly caused tension in the cellblock, and he was beaten by six other inmates for approximately six to 15 minutes. Doc. 11, ¶ 11. He suffered a broken jaw, and welts and contusions to his head, neck, and back. *Id.* Plaintiff appears to allege that the attack is traceable to misconduct by Defendants. He contends prison officials inappropriately mixed Level II and Level III inmates and failed to have sufficient employees to respond to the fight. Plaintiff further alleges that Defendants were deliberately indifferent to his medical needs by failing to timely treat his injuries and respond to his request for medical treatment.

(Doc. 26) in Civ No. 19-363.

Plaintiff obtained counsel after filing the Amended Complaint in Civ No. 19-363, and counsel responded to a motion to dismiss. By a ruling entered January 8, 2020, Judge Riggs dismissed the federal claims with prejudice for failure to state a cognizable claim. (Doc. 26) in Civ No. 19-363 (Dismissal Ruling). Plaintiff did not appeal, and that Judgment is final. Accordingly, the OSC directed Plaintiff to show cause why this case should not be dismissed based on preclusion principles. *Id.* at 4. The show-cause deadline was July 24, 2020. *Id.* Plaintiff did not respond to the OSC.

2

II.     Standards Governing Initial Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). Essentially, the Court must determine whether it is "patently obvious that the plaintiff could not prevail on the facts alleged, and [whether] allowing [plaintiff] an opportunity to amend ... would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). "[A] court may *sua sponte* raise a preclusion bar where," as here, "the court is on notice that the issue has been previously decided." *Banks v. Opat*, 2020 WL 2394008, at *5 (10th Cir. May 12, 2020) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)).

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. The same legal standards apply, but the Court can overlook the "failure to cite proper legal authority, ... confusion of various legal theories, ..., or ... unfamiliarity with pleading requirements." *Id.* However, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Id*

III.    Discussion

Federal preclusion principles govern this case, as the prior Judgment was rendered by this Court. Under res judicata, or "claim preclusion," "a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006). Res judicata requires the satisfaction of three elements: "(1) a [final] judgment on the merits in an earlier action; (2) identity of parties

or privies in the two suits; and (3) identity of the cause of action in both suits." *Johnson v. Spencer*, 950 F.3d 680, 708 (10th Cir. 2020) (quotations omitted). The doctrine of collateral estoppel, or "issue preclusion," is based on similar principles. Collateral estoppel has three elements: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication." *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Even if the above elements are satisfied, an exception applies where "the party resisting [preclusion] did not have a 'full and fair opportunity to litigate' the claim in the prior action." *Johnson*, 950 F.3d at 708 (addressing res judicata). *See also Park Lake Res.*, 378 F.3d at 1136 (listing the "full and fair opportunity to litigate" element as a fourth prong to the collateral estoppel test).

Preclusion principles can apply where, as here, the later-filed case is decided first. "[I]rrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as [claim preclusion]." *Chicago, R. I. & P. Ry. Co. v. Schendel*, 270 U.S. 611, 615-16 (1926). *See also* 18 Charles Alan Wright et al., Federal Practice and Procedure § 4404 (3d ed. 2020) (recognizing "the general rule that as between actions pending at the same time, [preclusion] attaches to the first judgment regardless of the sequence in which the actions were commenced").

As previously noted, res judicata and collateral estoppel both bar the instant case. The prior federal action raises the same cause of action (Eighth Amendment deliberate indifference under 42 U.S.C. § 1983) and the same issues (the October 2018 attack) as the instant Complaint.

4

The prior Dismissal Ruling "for failure to plead a viable cause of action is a decision on the merits." *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014). Plaintiff did not appeal the Dismissal Ruling, and it is now final. Plaintiff is the sole movant in both suits. Further, the Dismissal Ruling specifically dismissed the federal constitutional claims against three of the four Defendants in this action (Core Civic, Centurion, and Warden Judd). To the extent this action adds a fourth Defendant – NNMCC – it will not save an otherwise barred claim. It is well settled that detention facilities are not persons subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Aston v. Cunningham*, 216 F.3d 1086, * 5 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued" in a § 1983 action) (unpublished).

The OSC explained these principles and gave Plaintiff an opportunity to show he did not have a full and fair opportunity to litigate in the prior federal action. The OSC warned: "[i]f Plaintiff concedes the point, he may simply decline to respond to this Order. The failure to timely respond and show cause why the action is not precluded may result in dismissal with prejudice and without further notice." (Doc. 8) at 4. Plaintiff did not respond to the OSC. Hence, the Court concludes this action is barred by preclusion principles. The Court will dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e).

IT IS ORDERED:

1. Plaintiff's Civil Rights Complaint (Doc. 1) is dismissed with prejudice.
2. The Court will enter a separate judgment disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE